**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TAMMY BONEAU,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:25-CV-00250-NJR** |
| **SAM'S DISTRIBUTION CENTER,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tammy Boneau was terminated from her position as a forklift operator at Sam's Distribution Center ("SDC"). She alleges that during her time at SDC, she was the victim of discrimination based on her disability, race, and age. She brings this action against SDC under the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*) ("ADA"), the Age Discrimination in Employment Act (29 U.S.C. § 621, *et seq.*) ("ADEA"), and Title VII of Civil Rights Act (42 U.S.C. 2000e, *et seq.*) ("Title VII"). (*Id.*, p. 2). SDC moves to dismiss Boneau's amended complaint, arguing that she failed to administratively exhaust any claims based on her termination and that she otherwise fails to plausibly state viable claims of race, age, and disability-based discrimination. (Docs. 22, 23). SDC's motion is fully briefed and ripe for disposition. (Docs. 24, 28).

### BACKGROUND

Boneau worked at SDC from May 2024 until November or December 2024. (Doc. 5, p. 12; Doc. 24, p. 3 (Pl. Resp. to Mot. to Dismiss)). During this time, Boneau performed

her job "satisfactory [sic]." (Doc. 5, p. 12).

Boneau suffers from a "known disability," for which SDC allegedly "failed to provide reasonable accommodations." (*Id.*, p. 3). This is so, Boneau claims, because SDC never engaged in an "interactive process" to provide accommodations that would have addressed her disability. (*Id.*). And SDC allegedly did not stop at inaction—it "engaged in retaliatory actions," which ultimately included Boneau's termination. (*Id.*).

Boneau also alleges that SDC "engaged in discriminatory practices on the basis of age." (*Id.*, p. 4). She claims she told a "manager" that one of her coworkers was "discriminating against [her] based on [her] age." (*Id.*). The manager responded that the co-worker was just "kidding" and did not take responsive action to protect her from such behavior (neither the manager nor the coworker is identified in the amended complaint). (*Id.*). The manager's inaction allegedly allowed discriminatory behavior against Boneau to continue—behavior that, according to her, was both age and race-based. (*Id.*).

On November 22, 2024, Boneau filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*, p. 12). The charge alleged race, age, and disability-based discrimination, along with a claim of "retaliation." (*Id.*). The charge alleged that Boneau had been the subject of "harassment and unfair treatment" due to her age. (*Id.*). She allegedly complained about this treatment in June 2024, but her complaints did not lead to an improvement in her work environment. (*Id.*). Her charge further alleged that she had been "discriminated against based on [her] race as well as reversal race." (*Id.*). Her race-based discrimination claim ostensibly is based, in part, on the fact that she was passed over for a position she was qualified for in favor of a white

man. (*Id.*). And with respect to her claim of disability-based discrimination, Boneau claimed she was "still enduring harassment . . . and interference with FMLA or medical leave" because she was not invited back to work even though her doctor had cleared her to return from an unspecified illness or injury. (*Id.*).

SDC terminated Boneau soon after she filed her charge. (Doc. 24, p. 3). The EEOC issued a right to sue letter on November 27, 2024 (it is unclear whether the EEOC issued its right to sue letter before or after Boneau was terminated). (Doc. 5, p. 7).

Boneau's amended complaint alleges employment discrimination based on race, age, and disability. (Doc. 5, p. 2). She also alleges "retaliation" after requesting accommodations for her disability. (*Id.*, p. 3). The Court thus construes Boneau's amended complaint as raising four claims for relief: race-based discrimination under Title VII, age-based discrimination under the ADEA, disability-based discrimination under the ADA, and retaliation under the ADA.

### LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A reviewing court must "ask itself *could* these things have happened, not

*did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A claim is plausible where a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## DISCUSSION

SDC seeks the dismissal of Boneau's amended complaint in its entirety. It argues, first, that any claims based on Boneau's termination are unexhausted. Second, SDC argues that Boneau fails to offer sufficient factual allegations to support her workplace discrimination and retaliation claims. The Court will examine each of these arguments.

1. Failure to Exhaust

SDC's first argument targets Boneau's claims to the extent that they are based on her termination. In SDC's view, such claims are unexhausted because Boneau did not mention them in the EEOC charge.

SDC is correct that administrative exhaustion before the EEOC is a condition precedent to bringing an employment discrimination lawsuit. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). "[A]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Id.* (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (alteration omitted)). "This rule serves two purposes: affording the EEOC the opportunity to settle the dispute between the employee and employer, and putting the employer on notice of the charges against it." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003).

But the exhaustion requirement is not as unforgiving as SDC claims. The Seventh

Circuit has "often explained that it is particularly inappropriate to undermine the effectiveness of these [employment discrimination] statutes by dismissing claims merely because the victim of the alleged discrimination failed to comply with the intricate technicalities of the statute." *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019). Courts thus "review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015); *see also Stearns v. Consol. Mgmt., Inc.*, 747 F.2d 1105, 1112 (7th Cir. 1984) ("The ADEA is humanitarian legislation that should not be construed in a hypertechnical manner."). So, "[w]hen an employer argues that a suit should be dismissed for failure to exhaust administrative remedies properly, [courts] must keep these general principles in mind." *Trujillo*, 926 F.3d at 400.

Here, Boneau submitted her EEOC charge *pro se*, so she is entitled to its generous construction. "[G]iven the fact that laypersons rather than lawyers usually are the ones initiating these charges, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Teal*, 559 F.3d at 691 (quotation marks omitted). Thus, in addition to charged claims, Boneau may litigate claims that are "like or reasonably related to the allegations of the administrative charge and growing out of such allegations." *Id.* at 691-92 (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). This is a "liberal" standard: if "there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation," the plaintiff may advance the

uncharged claim in court. *Id.* at 692.

Here, Boneau filed an EEOC charge before she was terminated. It is thus not surprising that any claims based on her termination were not included in the charge. But if there is a "reasonable relationship" between Boneau's allegations of discrimination in the charge and her termination from SDC, she may be able to litigate claims based on her termination notwithstanding their omission from the charge. Thus, consistent with the Seventh Circuit's admonition to afford EEOC charges liberal construction, it would be improper to dismiss Boneau's termination-based claims at this stage simply because the charge did not mention them. *See Loparco v. Vill. of Richton Park*, No. 08 C 2747, 2008 WL 4696071, at *2 (N.D. Ill. Oct. 22, 2008) (denying motion to dismiss retaliation claim based on plaintiff's employment termination because whether termination was sufficiently related to charged conduct was a question of fact).

As explained below, Boneau will have an opportunity to plead, among other things, the existence of a reasonable relationship between her charged claims and any termination-based claims in a second amended complaint.

2.  Failure to State a Claim

SDC also contests the sufficiency of Boneau's allegations concerning race, age, and disability-based discrimination, and any claims of retaliation. In SDC's view, Boneau's allegations cannot survive a Rule 12(b)(6) motion because they offer only labels and conclusions rather than well-pleaded facts to support its liability. The Court agrees.

Boneau's amended complaint is rich in legal buzzwords but light on facts. She asserts in conclusory fashion that she experienced "discrimination" based on her race,

age, and disability. She also alleges "retaliation," but does not explain what happened to her and why she believes it was the result of protected conduct. A plaintiff in an employment discrimination case must, at a minimum, "identif[y] the type of discrimination [she] thought occurred, by whom, and when." *Huri*, 804 F.3d at 833 (citation modified). Here, even with the benefit of an indulgent reading of the amended complaint, Boneau has not done enough to raise the right to relief beyond the speculative level.

Boneau's claim of race-based discrimination requires her to plead (i) her membership in a protected class; (ii) that she met SDC's legitimate job expectations; (iii) that SDC engaged in adverse employment action against her; and (iv) that others outside of the protected class were treated more favorably. *Wince v. CBRE, Inc.*, 66 F.4th 1033, 1040 (7th Cir. 2023). Here, Boneau fails to identify her membership in a protected class and omits any factual support for her claim that she experienced discrimination on that basis. She avers that she was "discriminated against based on [her] race as well as reversal race." But the amended complaint offers no indication of what someone said to her about her race (if anything), how she was treated differently because of her race, who engaged in such discriminatory behavior, or any other reason why she believes she was the target of race-based discrimination. Rather than alleging that SDC "discriminated against [her] based on [her] race as well as reversal race," Boneau must tell the Court what actually happened. Simply alleging that one experienced "discrimination" is not enough at the pleading stage.

Boneau's claim of age-based discrimination under the ADEA fails for the same

reason. To state a claim, Boneau may plead direct or circumstantial evidence of an adverse employment action "because of [her] age." *Murphy v. Caterpillar Inc.*, 140 F.4th 900, 911 (7th Cir. 2025). Alternatively, she can rely on a burden shifting standard whereby she would have to plead that (i) she is 40 years old or older; (ii) she was meeting SDC's legitimate expectations; (iii) she suffered an adverse employment action; and (iv) similarly situated and "substantially younger" employees were treated more favorably. *Id.* (quotation omitted). Here, the charge identifies Boneau's age as being over 40 and her complaint alleges that she did her work "satisfactory [sic]." But her amended complaint offers no facts showing an adverse employment action *because of her age* nor does it allege more favorable treatment of similarly situated, substantially younger employees. At most, Boneau alleges that she complained to a manager about a co-worker's age-based discrimination, that the manager took no responsive action, and that the manager's inaction, in turn, allowed this discriminatory conduct to continue. But she neither identifies the individuals who mistreated her due to her age, nor does she attribute any statements or conduct to them that would allow the Court to draw a reasonable inference that discrimination took place.

Boneau's allegations of disability discrimination under the ADA are similarly insufficient. To carry her burden, she must allege that (i) she suffers from a recognized disability under the ADA, (ii) she is qualified to perform the essential functions of her job—with or without accommodation, and (iii) she suffered an adverse employment action because of her disability. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345-46 (7th Cir. 2015). The amended complaint fails out of the gate because Boneau has not identified

Page 8 of 11

her disability. Although she alleges that she suffers from a "known disability," it is well-settled that "[t]he defendant in a disability discrimination suit does not have fair notice when the plaintiff fails to identify his disability." *Id.* at 346. Boneau also claims that SDC "failed to provide reasonable accommodations" and that it "engaged in retaliatory actions," which included her termination. These allegations fail to identify the accommodation Boneau asked for, and they offer no factual support for her claim of an adverse employment action that was taken *because* of her disability. And while Boneau's termination is indeed an adverse employment action, she has not done enough to connect it to her disability (or her race and age).

Finally, Boneau's retaliation claim suffers from similar shortcomings. This claim, as noted, is linked to her allegations of disability-based discrimination under the ADA. She avers that she "exercised rights" under the ADA by "requesting reasonable accommodations," and that SDC responded with "retaliatory actions, culminating in [her] wrongful termination." (Doc. 5, p. 3). The ADA prohibits employers from engaging in retaliation against employees who raise claims of disability discrimination. *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 786 (7th Cir. 2007). A plaintiff can establish retaliation either directly or indirectly. Under the direct approach, Boneau must show that "(1) [s]he engaged in a statutorily protected activity; (2) [s]he suffered an adverse action; and (3) a causal connection between the two." *Dickerson v. Bd. of Tr. of Comm. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). The indirect approach creates a burden-shifting framework (similar to the one mentioned above), whereby Boneau must initially show that "[s]he (1) engaged in protected activity; (2) was performing h[er] job satisfactorily;

Page 9 of 11

and (3) was singled out for an adverse employment action that similarly situated employees who did not engage in protected activity did not suffer." *Id.* at 601-02. If she makes this threshold showing, the burden shifts to SDC to offer a "non-invidious" reason for its actions. *Id.* at 602. If SDC meets this burden, the burden shifts back to Boneau who must then proffer evidence that SDC's justification was pretextual. *Id.*

Regardless of whether Boneau seeks to advance her retaliation claim directly or indirectly, she has failed to offer the necessary factual support for her prima facie case. If she is proceeding under the direct approach, she could, for instance, show that she engaged in protected activity by filing an EEOC charge and that her subsequent termination serves as the predicate act of retaliation. *Huri*, 804 F.3d at 833. It also appears, based on an indulgent view of the amended complaint, that she was terminated soon after she filed a charge with the EEOC. The temporal proximity of these events could support the necessary causal connection. *See Jokich v. Rush Univ. Med. Ctr.*, 42 F.4th 626, 634 (7th Cir. 2022). But if that is how Boneau wants to present her ADA retaliation claim, she must say so explicitly. Either way, the Court will not speculate as to Boneau's theory of liability at this stage. If she wishes to pursue a retaliation claim, she must articulate its factual basis clearly and within the framework the Court outlined in the preceding paragraph.

Although the Court has identified these deficiencies in Boneau's amended complaint, dismissal with prejudice is not appropriate at this stage. *See Tate*, 809 F.3d at 346. The Court will thus grant Boneau an opportunity to file a second amended complaint. If she chooses to do so, Boneau should consider the pleading standards

Page 10 of 11

mentioned above carefully and offer a narrative that supports her claims with *factual allegations* that can establish the elements of each claim. Boneau is also directed to review Federal Rule of Civil Procedure 10 before submitting a second amended complaint and to ensure that future pleadings comply with the requirements of that rule.

## CONCLUSION

For these reasons, Defendant Sam's Distribution Center's Motion to Dismiss (Doc. 22) is **GRANTED**. Boneau's amended complaint (Doc. 5) is **DISMISSED without prejudice**. Boneau is **GRANTED** leave to file a second amended complaint that addresses the shortcomings identified in this Order on or before **April 9, 2026**.

**IT IS SO ORDERED.**

**DATED:  March 9, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**